JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-712 PA(AJWx) | Date | August 9, 2017 |
|---|---|---|---|
| Title | Robert McCarthy v. Christina Young, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   In Chambers - Order

      Plaintiff Robert McCarthy ("Plaintiff") filed a Complaint in this Court on January 30, 2017.  The Court issued an order to show cause why this action should not be dismissed for lack of prosecution on April 6, 2017.  Plaintiff was ordered to respond to that order to show cause by no later than April 20, 2017.  The April 6, 2017 order to show cause warned Plaintiff that the failure to respond to the order to show cause may result in the dismissal of the Complaint.  On April 30, 2017, ten days after his deadline to do so, Plaintiff filed a Notice of Settlement.  On May 5, 2017, the Court provided the parties with ten days to place the settlement on the record or file a dismissal of the action.  The Court warned the parties that if they did not dismiss the action or place the settlement on the record within that ten days, the Court would rule on the April 6, 2017 order to show cause.  Nearly two months later, on July 5, 2017, Plaintiff filed a "Response" to the order to show cause in which he seeks an additional 45 days to finalize the settlement.  Plaintiff did not seek an extension of time through a stipulation, ex parte application, or noticed motion, and provided no proposed order as required by the Local Rules.

      It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); <u>Ferdick v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

      In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  <u>See</u> <u>In re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); <u>Ferdik</u>, 963 F.2d at 1260–61 (failure to comply with court orders).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-712 PA(AJWx) | Date | August 9, 2017 |
|---|---|---|---|
| Title | Robert McCarthy v. Christina Young, et al. | | |

    Taking all of these factors into account, dismissal for failure to prosecute and for failure to comply with the Court's Orders is appropriate. Such a dismissal, however, should not be entered unless a plaintiff has been notified that dismissal is imminent. See <u>W. Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1523 (9th Cir. 1990). Here, Plaintiff was notified of the consequences of his failure to timely and adequately respond to the order to show cause, has been provided with additional time to do so, and has still not adequately prosecuted this action. Here, the Court will adopt the less drastic sanction of dismissing the action without prejudice. Accordingly, Plaintiff's action is dismissed without prejudice for failure to prosecute and for failure to comply with the Court's Orders.

    IT IS SO ORDERED.